UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No.: 15-cr-10295-1 |
| v. | ) ) |  |
| LAWRENCE PLUMER | ) ) ) |  |

DEFENDANT'S SENTENCING MEMORANDUM

## I. INTRODUCTION

Lawrence Plumer ("Mr. Plumer") respectfully submits this memorandum to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v. Booker*, 543 U.S. 220 (2005). Mr. Plumer pleaded guilty to an Information and the government and the parties recommend a sentence of one year probation in this matter.

This court has discretion to accept the plea agreement. The defendant submits that the §3553 factors are applicable to the court's determination of the sentencing availability provided for in the plea.

## ADVISORY GUIDELINE CALCULATION

The Probation Department has determined a Total Offense Level of 4, and a criminal history category of I, with a guideline imprisonment range of zero months to six months. The Probation Department points out in the PSR that a sentence of imprisonment is not required based on the applicable guideline range of Zone A.  (PSR para. 62).

The parties, per the plea agreement, made a joint recommendation for a one-year probation sentence.

## II. DETERMINING THE SENTENCE: THE 3553 (a) FACTORS

**(a) THIS COURT SHOULD IMPOSE A SENTENCE THAT IS *SUFFICIENT, BUT NOT GREATER THAN NECESSARY* TO COMPLY WITH THE PURPOSE SET FORTH IN [18 U.S.C. § 3553(A)(2)].**

Pursuant to 18 U.S.C. § 3553(a)(1) through (7), the following factors are to be considered in imposing a sentence: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to satisfy the statutory purposes of sentencing; the kinds of sentences available; the applicable guidelines; pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution.

### b) HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Plumer's parents raised him in Easton, MA with his sister in a loving home free from physical, emotional or substance abuse. His sister described him as someone whom extended family members, including her two sons, look up to because of his dedication to his family.

Mr. Plumer is married with a thirteen year old son. His wife reported that Mr. Plumer is a loyal husband and father, and despite his current predicament, she intends to stand by him and move together toward a better future.

In addition to coaching football and basketball before his son's birth, then after for his son's teams, Mr. Plumer volunteered for Brockton After Dark to provide guidance to at-risk kids in the area to get them off the streets. He also volunteers in his church, and the Reverend Michael W. Walker provided a letter on Mr. Plumer's behalf in which the reverend described Mr. Plumer as a "Renaissance Man" with a social conscience and kind, personable spirit. (Please see letter from Reverend Michael W. Walker, attached hereto).

As a result of his conduct, Mr. Plumer lost his job as a probation officer. He worked his way up from a corrections officer at the Suffolk County House of Correction in the 1990s and obtained employment as probation officer in the Suffolk Superior Court in 2000. He graduated from Oliver Ames High School in Easton, then worked his way up from an Associate's Degree from Massosoit Community College in Brockton to a bachelor's degree in Sociology from Framingham State University.

Mr. Plumer has demonstrated his contrition for his conduct and crime by agreeing to plead guilty to an Information shortly after he was confronted with the conclusions of the investigation. He has suffered financially and personally as a result of his crime and has expressed tremendous regret and shame for his conduct. He admitted to his crime in a timely fashion because he is committed to recapturing the traits that enabled him to develop the relationships he has with his family and community and fulfill his responsibility to his son and nephews to lead the way through the most difficult period of all of their lives.

### c) NEED FOR SENTENCE TO DETER OTHERS

Acceptance of the plea agreement for one year of probation would certainly be sufficient to deter others in a similar circumstance when considered in light of the financial and personal hardship resulting from Mr. Plumer's admission to his crime.

### d) NEED TO PROTECT PUBLIC FROM FUTURE CRIMINAL ACTIVITY

Mr. Plumer's timely acceptance of responsibility, lack of past criminal conduct and the support structure of his family and community demonstrate that he poses little risk of future criminal activity.

### e) THE KINDS OF SENTENCES AVAILABLE

The plea agreement provides for a probation period of one year without incarceration. The guideline imprisonment range for a total offense level of 4 and criminal history category of I is zero to six months incarceration, but imprisonment is not required.

### f) THE NEED TO AVOID SENTENCING DISPARITY

The drafters of the guidelines recognized that different sentences based upon "differences among offender or offenders" were jusitified. See, *United States v. Jaber*, 362 F. Supp.2d 365, 367 (D. Mass. 2005) citing the Sentencing Reform Act, S.Red. No. 98-225 at 38 (1984).  Here, the Court has discretion to impose a fair and just sentence that recognizes all of the factors evident in this case.

## III.   CONCLUSION

For the foregoing reasons set forth above, Mr. Plumer respectfully requests that this Honorable Court accept the plea agreement and order a period of probation for one year.

>Respectfully submitted
>LAWRENCE PLUMER
>By his attorney:
>
>/s/Michael P. Doolin
>Michael P. Doolin
>BBO#: 546116
>512 Gallivan Blvd.
>Dorchester, MA 02124
>(617) 436-3819

### CERTIFICATE OF SERVICE

I, Michael P. Doolin, do hereby certify that I have served a copy of the foregoing via CM/ECF to the United States Attorney's Office, One Courthouse Way, Boston, MA 02210 this January 11, 2016.

>/s/ Michael P. Doolin
>Michael P. Doolin